# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: David Wayne Hamm ) Case No.: 20-80380-CRJ-7
SSN: xxx-xx-3811 )
)
Debtor. ) Chapter 7

## APPLICATION BY TRUSTEE TO EMPLOY SPECIAL COUNSEL

COMES NOW the undersigned Trustee, in compliance with 11 U.S.C. Section 327 and Bankruptcy Rules 2014 and 5002, and respectfully represents:

1. Applicant is the duly qualified and acting Trustee in this case.

2. The Trustee is the sole representative of the Bankruptcy Estate and controls the property of the Estate. *Miller v. Shallowford Community Hosp., Inc.* 767 F.2d 1556, 1559 (11th Cir. 1985) ("the trustee in bankruptcy succeeds to all causes of action held by the debtor at the time that a bankruptcy petition is filed"). Consequently, the Trustee and not the Debtor may prosecute a claim that belongs to the Estate. *Cf., Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (debtor's post-petition release of a prepetition claim not binding on the trustee); *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438 (6th Cir. 1988), *cert. denied Bauer v. Waldschmidt*, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989) (substitution of Chapter 7 trustee as plaintiff in action brought by the debtor on a prepetition claim not an abuse of discretion). Rule 6009, Federal Rules of Bankruptcy Procedure, authorizes a Chapter 7 trustee or a Chapter 11 debtor in possession to commence and prosecute an action in behalf of the estate.

3. The Estate now appears to have as an asset a cause of action that the Trustee can best liquidate through the employment of a special counsel to represent the Estate in settlement or in a civil action. The role of the special counsel will be limited to liquidation of this cause of action and will not entail any other services for the Estate.

4. A redacted copy of the filed Short Form Complaint, which provides a description of the parties, date and nature of said claims held by the estate, is attached hereto as Exhibit "A."

5. In the opinion of the Trustee, employment of Rutherford Law, as special counsel would be in the best interest of the Estate because the creditors are from numerous places and would as a practical matter be unable to participate in the selection of a special counsel with a limited role for the Estate. Moreover, the Debtor engaged Rutherford Law, for this purpose before the bankruptcy was reopened, and they are quite familiar with the Debtor's legal position.

6. Jack Rutherford of Rutherford Law, is a duly qualified attorney in and under the laws of the States of California and Louisiana, and is duly admitted to practice before the courts of the State of California, is a "disinterested person" as that term is defined in Section 101(13) of the Bankruptcy Code and is qualified to act as special counsel in this case.

7. Mr. Rutherford is experienced and enjoys a good reputation in the practice of civil law in California as set out in the attached Exhibit "B." The proposed fee contract for Rutherford Law, is set at 33.333% which will be calculated on the gross settlement amount.

8. Special Counsel represents to the Court in the Verified Statement below that he has no agreement with any other person or entity outside of his law firm for the sharing of fees that he may earn in this matter. Special Counsel further represents, that pursuant to Section 504 of the Bankruptcy Code, he has no previous fee sharing agreement between his firm and any other firm. Instead, should the expertise of any additional firms be required the firms shall be employed separately and will seek approval of separate fees for the services they provide.

9. <u>The Trustee requests that the employment of Special Counsel be approved, with an effective date of October 19, 2021, which is the date of the filing of this motion.</u> Although the bankruptcy case was filed on February 06, 2020 the Debtor was unaware at that time that she had an interest in the potential claims that are the basis of the lawsuit. Thus, they were not disclosed in the original bankruptcy filing.

10. On April 18, 2020, Debtor retained Rutherford Law, to pursue these claims. The attorneys, at Rutherford Law, have pursued these claims on the Debtor's behalf for several years. Upon further investigation, the attorneys discovered that the Debtor had filed bankruptcy and contacted the Trustee to inform him of the same.

11. The Trustee has worked with Mr. Rutherford and his firm since then to gather the information and documents necessary to file an Application to Employ Special Counsel.

**12. <u>Applicant proposes that any objection to this application should state in writing why such application should not be granted and must be received by the U.S. Bankruptcy Court within twenty-one (21) days after the application was received. The Court shall hear any timely objection to the application at the Federal Courthouse, Cain Street Entrance, Decatur, Alabama.</u>**

WHEREFORE, applicant prays that he be authorized to employ Jack Rutherford of Rutherford Law as special counsel to the Trustee in this case with an effective date of October 18, 2021, and that he have such other and further relief as is just.

Respectfully submitted this 18th day of October, 2021.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard
*Trustee in Bankruptcy*

P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

# VERIFIED STATEMENT BY ATTORNEY

Pursuant to Bankruptcy Rule 2014(a), the undersigned hereby states to the Court that he has no connection, financial or otherwise, with the Debtor, the Debtor's creditors or any other party in interest and that she knows of no conflict or potential conflict of interest with his proposed appointment as special counsel for the Trustee. The undersigned further states that he has no agreement with any other person or entity outside of his law firm for the sharing of fees that he may earn in this matter, and pursuant to Section 504 of the Bankruptcy Code.

/s/Jack Rutherford
Jack Rutherford, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the below listed parties by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid this the 18th day of October 2021.

Tanya H. McCalpin, Esq.
*Attorney for the Debtor*
102 S. Court St., Ste 314
Florence, AL 35630

David Wayne Hamm
*Debtor*
418 Gann Blvd., Apt 104 H
Tuscumbia, AL 35674

Jack Rutherford, Esq.
*Special Counsel*
Rutherford Law
2811 ½ 2nd Avenue
Los Angeles, CA 90018

Joshua Anderson, Esq.
*Attorney for the Defendant*
555 W 5th Street,
Los Angeles, CA 90013

Gilead Sciences, Inc.
*Defendant*
333 Lakeside Drive
Foster City, CA 94404

Richard M. Blythe, Esq.
*Bankruptcy Administrator*
P.O. Box 3045
Decatur, AL 35602

/s/ Tazewell T. Shepard
Tazewell T. Shepard